CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

MAY 19 2009

JOHN F. CORCORAN, CLERK
BY: /s/ /DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 7:99CR00032 |
| v. | ) MEMORANDUM OPINION |
| CALVIN BERNARD GREEN. | ) By: James C. Turk |
| | ) Senior United States District Judge |

Defendant Calvin Bernard Green has filed a motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c) and the 2007-2008 amendments to the crack cocaine sentencing guideline. The court concludes that the defendant's motion must be denied.

Section 3582(c)(2) authorizes a reduction to "term of imprisonment based on a sentencing range that has subsequently been lowered" through a retroactive amendment to the sentencing guidelines. Green, because of his prior convictions, was classified as a career offender, and accordingly, his base offense level was determined under United States Sentencing Guidelines ("USSG") § 4B1.1 and the statutory maximum for his offenses, not on the amount of crack cocaine involved in the offense. The amendments to the crack cocaine guideline had no effect on the career offender guideline on which Green's sentence was initially calculated.[1]

In his current motion, Green argues that he is entitled to a reduction under the amendments to the crack cocaine guidelines because the court found that he was not really a career offender and

---

[1] On this ground, the court denied Green's prior motion for sentence reduction under § 3582(c) and the crack cocaine guideline amendments. See Order of April 29, 2008.

1

departed downward from the career offender sentencing guideline. This argument is not supported by the record. In calculating Green's sentence, the court first noted that under the crack cocaine guideline, § 2D1.1, Green's base offense level would be 24 and his adjusted offense level would be 28. (Sent. Tr. 9). Then, however, the court found that Green was a career offender "under the strict interpretation" of USSG § 4B1.1., that his base offense level under this provision was 37, and that after adjustments for possession of a firearm and acceptance of responsibility, further found that his adjusted offense level was 34. At that point, the court remarked that Green's prior criminal record was not that of a "typical career offender." (Id. 9-10). The court then departed downward below the offense levels initially calculated under the career offender provision and found that the appropriate adjusted offense level for Green was 30, giving him a sentencing range of 168 to 210 months. (Id. 10). This exchange as reflected in the transcript indicates that the court used the career offender guideline as the basis for determining Green's base offense level and adjusted offense level and only then departed downward to give Green a lesser adjusted offense level in recognition of the court's conclusion that the career offender sentence was too harsh under the circumstances. There is simply no indication that the court relied on the crack cocaine guideline in determining Green's sentence under the guidelines.

In conclusion, because the court based Green's sentencing calculations on the career offender guideline, § 4B1.1, and not on the crack cocaine guideline–USSG § 2D1.1, he is not entitled to a reduction of sentence under the amendments to the crack cocaine guideline. See, United States v. Poindexter, 550 F. Supp. 2d 578 (E.D. Pa. May 2, 2008) ("At root, then, this motion [for sentence reduction under § 3582(c) and the crack cocaine guideline amendments] comes down to the question of whether [defendant] was sentenced "based on" USSG § 2D1.1."); United States v. Biami, 548 F.

2

Supp. 2d 661, 664 (E.D. Wis. Apr. 22, 2008) (citing other cases) (rejecting argument that all crack cases are affected by 2007 amendments because court must calculate crack range before reaching career offender analysis); United States v. Gutierrez, Crim. No. 3:02-cr-00027, 2008 WL 927564 (D. Conn. Apr. 4, 2008); United States v. McDougherty, No. CR 88-00504 MMM, 2008 WL 752597 (C.D. Cal. Mar. 18, 2008).

A separate order will issue this day, denying the defendant's motion for reduction pursuant to § 3582(c). The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the defendant at his current place of confinement and to counsel of record for the government.

ENTER: This 19th day of May, 2009.

/s/ James C. Turk
Senior United States District Judge