CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 3 1 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:99-cr-00032-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| CALVIN BERNARD GREEN, | ) | By: Hon. James C. Turk |
| Petitioner. | ) | Senior United States District Judge |

Calvin Bernard Green, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner alleges that his counsel provided ineffective assistance of counsel. The court conditionally filed the § 2255 motion, advised petitioner that his motion appeared to be untimely, and requested information why the motion should be considered timely. Petitioner responded, making the matter ripe for screening pursuant to Rule 4 of the Rules Governing § 2255 Cases in the United States District Courts. After reviewing petitioner's submissions, the court dismisses the motion as barred by the statute of limitations.

I.

On April 21, 1999, a grand jury in the Western District of Virginia indicted petitioner for various drug distribution and firearm offenses. (Docket #7.) Petitioner tendered his guilty plea on August 17, 1999, and the court entered his criminal judgment on December 15, 1999. (Docket #33.) Petitioner did not appeal this judgment, but he did file a motion to modify sentence on June 18, 2007, that the court denied. Following that first motion to modify sentence, petitioner filed two additional motions for a reduction of sentence that the court denied, two motions for reconsideration that the court denied, and two appeals that both affirmed this court's decision not to reduce petitioner's sentence.

Petitioner alleges that he mailed his "motion requesting to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(B) predicated upon another modifying statute (28 U.S.C. § 2255)"[1] on June 25, 2009. Petitioner submitted the corresponding § 2255 motion on July 30, 2009. (Mot. to Vacate (docket #76.) 31.) Petitioner acknowledges that his motion is untimely by ten years, but he simply states that he "is actually innocent of the offense of carrying a firearm during and in relation to a drug trafficking crime. . . ." (Id. 21.) Petitioner also alleges that he told his attorney to note an appeal of his criminal judgment but counsel did not. (Id. 23.) Petitioner argues that counsel's alleged failure to note an appeal equals exceptional circumstances. (Id. 24.) Counsel was also allegedly ineffective for failing to object to the presentence report ("PSR") which recommended a sentencing enhancement under 18 U.S.C. § 924(c).

The court conditionally filed the complaint and requested petitioner explain why his motion should be considered timely filed. Petitioner responded, arguing the merits of his § 2255 claims instead of addressing the timeliness of the motion. Notably, petitioner alleges that an electronic law library system became available at his correctional facility on June 29, 2009, and he used it to "confirm without a reason of doubt that his counsel failed to comply with his request to file a notice of appeal" ten years after his judgment became final. (Resp. (docket #79) ¶ 2.)

II.

A.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public

---

[1] In this motion, petitioner relies on § 2255 to argue that he is not a career offender as the court held when it sentenced petitioner.

2

can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

B.

A one-year statute of limitations period governs § 2255 actions, and this period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If a defendant does not timely appeal the trial court's final judgment, as in this case, the conviction becomes final ten business days after entry of the final judgment when

3

petitioner's opportunity to appeal expires. See Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522, 528 (2003). Therefore, petitioner's conviction became final on December 30, 1999, ten business days after entry of final judgment.[2] Thus, for purposes of § 2255(f)(1), petitioner had until December 30, 2000, to timely file his § 2255 motion. However, petitioner did not file his § 2255 motion until July 2009, nearly ten years after his conviction became final. Therefore, petitioner filed his § 2255 motion long past the one-year statute of limitations. The motion would still be untimely even if the court relied on § 2255(f)(4). Under that provision, petitioner could have exercised due diligence to discover that counsel did not file a notice of appeal anytime within days or weeks of his criminal judgment. However, the court finds that ten years is too long a period to constitute "due diligence" to start the statute of limitations on June 29, 2009, the date petitioner allegedly "confirm[ed] without a reason of doubt" that counsel did not note an appeal. Therefore, petitioner's § 2255 motion is untimely.

Petitioner argues that his motion is not time barred because he is "actually innocent" of Count Five, using and carrying a Glock pistol in relation to drug trafficking. The court can equitably toll the statute of limitations. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000) (finding that the Anti-terrorism and Effective Death Penalty Act's statute of limitations for collateral attack is not a jurisdictional bar). To establish "actual innocence" to permit collateral review of a defaulted claim, petitioner is required to demonstrate that, in light of all of the evidence, it was more likely than not that no reasonable juror would have convicted him in light of new evidence. Schlup v. Delo, 513 U.S. 298, 326-27 (1995). See Bousley v. United States, 523 U.S. 614, 623 (1998)

---

[2] December, 24, 2009, was a federal holiday, and the court was closed. See Fed. R. Civ. P. 6(a)(2),(4).

4

(discussing a petitioner's burden of proof under Schlup for actual innocence after pleading guilty). The actual innocence "gateway claim requires 'new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. . . .'" House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 324). The court considers all the evidence without regard to admissibility and "must make a probabilistic determination about what reasonable, properly instructed jurors would do." House, 547 U.S. at 538 (internal quotation marks omitted). See Bousley, 523 U.S. at 623 n.3 (addressing dissent's concern that the lack of trial transcripts for guilty pleas would be problematic by reasoning that courts can rely on recorded proffers to substantiate a guilty plea's factual basis). This standard does not require absolute certainty about a petitioner's guilt or innocence, House, 547 U.S. at 538, and "actual innocence" means factual innocence, not mere legal insufficiency, Bousley, 523 U.S. at 623. Furthermore, petitioner must show actual innocence of the charge to which the petitioner pleaded guilty and actual innocence of any other charge dropped by the government as part of a plea bargain. Bousley, 523 U.S. at 624.

Petitioner does not qualify for equitable tolling under the actual innocence exception because he does not present any new exculpatory evidence. See Schlup, 513 U.S. at 326-27. In response to the court's conditional filing order advising petitioner that his motion appeared to be untimely, petitioner argued the merits of his ineffective assistance of counsel claims. Therefore, the court finds that, despite being given the chance, petitioner failed to carry his burden to "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond

5

a reasonable doubt."[3] Id. at 327. Therefore, petitioner does not qualify for the actual innocence exception, and the statute of limitations bars consideration of his motion. Accordingly, the court dismisses petitioner's § 2255 motion.

Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit judge or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). If petitioner intends to appeal and seek a certificate of appealability from the Fourth Circuit Court of Appeals, his first step is to file a notice of appeal with this court within sixty days of the date of entry of this Memorandum Opinion and Order or within such extended period as the court may grant pursuant to Rule 4(a)(5).

III.

For the foregoing reasons, the court dismisses petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, denies his motion to proceed in forma pauperis as moot, and strikes the case from the active docket.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

ENTER: This _31st_ day of August, 2009.

_/s/ James C. Turk_
Senior United States District Judge

---

[3] In his memorandum of support to his § 2255 motion, petitioner recites the facts of his case and acknowledges that he was a felon handling an assault rifle and a subsequent search of his residence resulted in the seizure of cocaine powder and base. (Mot. to Vacate 15-16.) See Bousley, 523 U.S. 623 (describing actual, factual innocence).

6