CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JAN 0 5 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 7:99-cr-00032-1 |
| v. | **2255 MEMORANDUM OPINION** |
| **CALVIN BERNARD GREEN,** Petitioner. | By: Hon. James C. Turk Senior United States District Judge |

This matter is before the court upon petitioner's "independent action pursuant to Rule 60(D)(1) . . . seeking modification of the December 7, 1999, sentence . . ." seeking relief from the judgment entered in his criminal case. Upon review of the instant motion, the court concludes that it is appropriately filed and dismissed as a successive § 2255 motion.

The court entered petitioner's criminal judgment in December 1999. The court dismissed petitioner's first motion to vacate, pursuant to 28 U.S.C. § 2255, in August, 2009. In the instant motion, petitioner argues that the court erroneously sentenced him in 1999.

When a prisoner files a motion in a closed criminal case challenging his criminal judgment, the motion must often be filed and dismissed as a successive § 2255. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). If the motion raises claims allegedly omitted from the initial § 2255 motion, presents new evidence in support of a claim already denied, or argues for relief under subsequent changes in the substantive law, that motion is not properly considered as a motion for reconsideration and should be filed as a separate § 2255 motion instead. Id. To allow prisoners to bring new habeas claims in a subsequent motion would circumvent the requirement under § 2255(h) that any subsequent habeas claims first be certified by the court of appeals. Id. at 531-32.

A district court may consider a second or successive § 2255 motion only upon specific

certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that petitioner has previously filed a § 2255 motion, Civil Action No. 7:09-cv-80166, regarding the same conviction and/or sentence. Thus, petitioner's current § 2255 motion is a second or subsequent one under § 2255(h). As petitioner has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, the court must dismiss the action without prejudice.

Petitioner is hereby advised of the procedure for obtaining certification from the Fourth Circuit Court of Appeals to have a district court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Fourth Circuit Court of Appeals with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the United States.

ENTER: This 5th day of January, 2010.

/s/ James C. Turk
Senior United States District Judge