

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 16 2011

JULIA ~~~
BY: /s/
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 7:99-cr-00032-1 |
| v. | **§ 2255 MEMORANDUM OPINION** |
| **CALVIN BERNARD GREEN,** | By: Hon. James C. Turk |
| Petitioner. | Senior United States District Judge |

This matter is before the court upon petitioner's motion "to move under Federal Rule[] of Evidence 201." Petitioner asks to be resentenced. Upon review of the instant motion, the court concludes that it is appropriately filed and dismissed as a successive § 2255 motion.

The court entered petitioner's criminal judgment in December 1999. The court dismissed petitioner's first motion to vacate, pursuant to 28 U.S.C. § 2255, in August, 2009. In the instant motion, petitioner argues that the court unfairly over-sentenced him because his crimes involved crack cocaine and that the sentencing disparity between crack cocaine and powder cocaine warrants his resentencing pursuant to the Fair Sentencing Act of 2010.

When a prisoner files a motion in a closed criminal case challenging his sentence, the motion may be filed and dismissed as a successive § 2255 if the motion raises claims allegedly omitted from the initial § 2255 motion, presents new evidence in support of a claim already denied, or argues for relief under subsequent changes in the law. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). To allow prisoners to bring new habeas claims in a subsequent motion would circumvent the requirement under § 2255(h) that any subsequent habeas claims first be certified by the court of appeals. Id. at 531-32. Petitioner presently challenges the lawfulness of his current sentence, and, thus, petitioner's current motion is considered a second or subsequent § 2255 motion.

A district court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that petitioner has previously filed a § 2255 motion, Civil Action No. 7:09-cv-80166, regarding the same judgment and imposed sentence. As petitioner has not submitted any evidence of obtaining certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, the court must dismiss the action without prejudice.[1] Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the United States.

ENTER: This 15th day of June, 2011.

*James C. Turk*
Senior United States District Judge

---

[1] Furthermore, no legal provision presently allows the court to retroactively apply a less than 100:1 sentencing ratio in a closed criminal case.

2