CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 21 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 7:99-cr-00032-1 |
| v. | **MEMORANDUM OPINION** |
| **CALVIN BERNARD GREEN,**<br>Petitioner. | By: Hon. James C. Turk<br>Senior United States District Judge |

This matter is before the court upon petitioner's motion for reconsideration of his sentence, his prior motions to reduce sentence, pursuant to 18 U.S.C. § 3582, and his motions to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. After reviewing the instant motion to reconsider, the court concludes that it cannot grant his motion for reconsideration and that it should be filed and dismissed as a successive § 2255 motion.

Petitioner asks the court to reconsider all its prior opinions and orders denying his requests to be resentenced because of his career-offender status and "to make additional findings of the historical and presented facts over-looked" in all his other motions. Petitioner acknowledges he is a "career offender" but argues that the court did not intend to sentence him pursuant to § 4B1.1 of the United States Sentencing Guidelines ("USSG"). However, for the reasons discussed in all the court's prior opinions resolving this issue, in addition to the Court of Appeals' adjudications of his subsequent appeals, petitioner is not entitled to his requested relief. Furthermore, § 3582(c) does not allow a district court to grant a motion to reconsider the denial of a § 3582(c)(2) motion to reduce sentence. See Goodwyn v. United States, 596 F.3d 233, 236 (4th Cir. 2010).

When a prisoner files a motion in a closed criminal case challenging his sentence, the motion may be filed and dismissed as a successive § 2255 if the motion raises claims allegedly omitted from the initial § 2255 motion, presents new evidence in support of a claim already denied, or argues for relief under subsequent changes in the law. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing

Calderon v. Thompson, 523 U.S. 538, 553 (1998)). To allow prisoners to bring new challenges to an imposed judgment and sentence in a subsequent motion would circumvent the requirement under § 2255(h) that any subsequent habeas claims first be certified by the court of appeals. Id. at 531-32.

The court entered petitioner's criminal judgment in December 1999. The court dismissed petitioner's first motion to vacate, pursuant to 28 U.S.C. § 2255, in August 2009. In the instant motion, petitioner argues that the court committed "manifest error" by sentencing him as a career offender and granting him a downward departure pursuant to USSG § 4A1.3. Therefore, petitioner presently challenges the lawfulness of his current sentence, and, thus, petitioner's current motion is considered a second or subsequent § 2255 motion.

A district court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that petitioner has previously filed a § 2255 motion, Civil Action No. 7:09-cv-80166, regarding the same judgment and imposed sentence. As petitioner has not submitted any evidence of obtaining certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, the court must dismiss the § 2255 claims without prejudice. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the United States.

ENTER: This ＿＿day of June, 2011.

／s／ James C. Turk
Senior United States District Judge