CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 7:99-cr-00032-1 |
| v. | **MEMORANDUM OPINION** |
| **CALVIN BERNARD GREEN,** Petitioner. | By: Hon. James C. Turk Senior United States District Judge |

This matter is before the court upon petitioner's "motion seeking relief in light of Amendment 748," pursuant to 18 U.S.C. § 3582. After reviewing the instant motion, the court concludes that it cannot grant his motion and that it should be filed and dismissed as a successive § 2255 motion.

Petitioner asks the court to resentence him because Amendment 748, which changes the sentencing ratio for crack cocaine and powder cocaine offenses, will inevitably be retroactively applied to closed criminal cases. Petitioner asks the court to recalculate his sentence, sentence him to time served, and order his release from incarceration.

No applicable provision of the United States Sentencing Guidelines or the United States Code authorizes the court to retroactively apply Amendment 748 to this closed criminal case. Furthermore, when a prisoner files a motion in a closed criminal case challenging his sentence, the motion may be filed and dismissed as a successive § 2255 if the motion raises claims allegedly omitted from the initial § 2255 motion, presents new evidence in support of a claim already denied, or argues for relief under subsequent changes in the law. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). To allow prisoners to bring new challenges to an imposed judgment and sentence in a subsequent motion would circumvent the requirement under § 2255(h) that any subsequent habeas claims first be certified by the court of appeals. Id. at 531-32.

The court entered petitioner's criminal judgment in December 1999. The court dismissed petitioner's first motion to vacate, pursuant to 28 U.S.C. § 2255, in August 2009. In the instant

motion, petitioner argues that the court unfairly over-sentenced him, and he asks the court to vacate his sentence and order his immediate release. Therefore, petitioner presently challenges the lawfulness of his current sentence, and, thus, petitioner's current motion may be considered a second or subsequent § 2255 motion.

A district court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that petitioner has previously filed a § 2255 motion, Civil Action No. 7:09-cv-80166, regarding the same judgment and imposed sentence. As petitioner has not submitted any evidence of obtaining certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, the court must dismiss the § 2255 claims without prejudice. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the United States.

ENTER: This 27th day of June, 2011.

*James C. Turk*
Senior United States District Judge