CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 18 2016

JULIA C DUDLEY, CLERK
BY: /s/ C. Melvin
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:99CR00032-01 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CALVIN BERNARD GREEN, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Defendant Calvin Bernard Green has moved for a reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), pursuant to 18 U.S.C. § 3582(c)(2).* For the following reasons, Green's motion must be denied.

## Background

On August 17, 1999, Green entered a plea of guilty to various drug distribution and firearm offenses. Prior to sentencing, the probation officer prepared a presentence report, which designated Green as a career offender under § 4B1.1 of the Sentencing Guidelines, and calculated the applicable guideline range of imprisonment based on that provision. At the time of sentencing, the court adopted the presentence report and found that Green qualified as a career offender. In light of the career offender designation, the guideline range of imprisonment was 262 to 327 months, plus 60 months for a violation of 18 U.S.C. § 924(c). The court departed downward from that range and imposed a total term of imprisonment of 240 months.

Green now seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which generally reduced the base offense levels applicable to drug offenses under § 2D1.1 by two levels. The court issued a notice advising Green that he may not be eligible for a

---

* Green was sentenced by Senior United States District Judge James C. Turk. Judge Turk is deceased and the motion has been assigned to the undersigned district judge.

reduction because of his designation as a career offender under § 4B1.1. The Office of the Federal Public Defender agreed to assist Green. An attorney in the office has filed a brief in support of Green's motion. The motion is now ripe for disposition.

## Discussion

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 826 (201). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

In this case, Green's applicable guideline range was his career offender range of 262 to 327 months, plus 60 months, which was calculated pursuant to § 4B1.1 of the Sentencing Guidelines. As other courts have previously explained, "Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014); see also United States v. Avent, 633 F. App'x 176 (4th

2

Cir. 2016) ("Amendment 782 is not applicable to sentences . . . derived from the career offender provisions in the Sentencing Guidelines."). Therefore, Green's applicable guideline range was not affected by Amendment 782. Although the court departed downward from that range at sentencing, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014). Because that range has not been lowered by any retroactively-applicable amendments to the Sentencing Guidelines, Green is not eligible for a sentence reduction under § 3582(c)(2). See United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district court departed downward at sentencing), Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction."); United States v. Rinaldi, 623 F. App'x 579, 581 (3d Cir. 2015) ("Rinaldi's applicable guideline range is the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance. Accordingly, Amendment 782 – which alters the offense levels for drug crimes but does not affect the offense levels for career offenders – would not lower Rinaldi's applicable guidelines range, and it would thus be contrary to the applicable policy statement to reduce Rinaldi's sentence.").

For these reasons, Green's motion for a sentence reduction based on Amendment 782 must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 18th day of May, 2016.

<u>/s/ Conrad</u>
Chief United States District Judge

3